RANKIN *v.* SCHOFIELD.

Opinion delivered January 4, 1902.

1. Appeals—Limitation—Construction of Statute.—The act of March 16, 1899, § 1, providing that an appeal or writ of error must be taken within one year after the rendition of a judgment, order or decree, with an exception in the case of an infant or person of unsound mind, applies only to judgments, orders and decrees rendered after the act took effect. (Page 85.)

2. Constitutional Law—Vested Right.—The act of March 16, 1899, § 2, is unconstitutional in so far as it cuts off at once the right of an infant, secured by Sand. & H. Dig., § 1027, to appeal from a judgment, order or decree rendered against him more than three years prior to the passage of the act. (Page 86.)

3. Guardian and Ward—Compromise.—In the absence of authority given by statute, a guardian cannot agree to any compromise or settlement by which the property interests of his ward are affected, without the concurring sanction of the court to which he must look for authority to bind his ward. (Page 86.)

4. Compromise—Sanction of Court.—A decree settling an estate, which recites that litigation was likely to be long, and that, to put an end thereto and as an amicable settlement of a family affair, it was decreed by the court, as well as by the consent of all the parties, etc., shows that the chancellor performed no judicial act of investigation into the merits of the controversy before entering the decree. (Page 86.)

Appeal from Woodruff Circuit Court in Chancery.

MATTHEW T. SANDERS, Judge.

Motion to dismiss overruled.

*Otis W. Scarborough* and *Jos. W. House,* for appellees, on motion to dismiss appeal.

The chancery court had jurisdiction of the subject-matter and person, and in the exercise of its discretion this court cannot control it. 26 Ark. 421; 44 Ark. 411. A decree by consent is binding and conclusive, unless procured by fraud. 5 Johns. Ch. 564; 18 Ill. 167-169; S. C. 65 Am. Dec. 729; 59 S. W. 1075. This is true as to infants as well as adults. 17 Am. Rep. 167-8; 53 Am. Dec. 421; 89 *id.* 172-180; S. C. 31 Cal. 273; 74 Am. Dec. 297; 8 Ia. 17; 64 Am. St. 830; 1 Dan. Ch. Pl. & Pr. 164-5. A court of chancery has the inherent power to decree the sale of an infant's estate. 38 Am. Rep. 13; 37 *id.* 111; 97 Ia. 338; 16 Ala. 409; 146 Ill. 227; 19 Ark. 233. An infant defendant is bound by a decree in equity in the same degree as an adult, and can dispute it only in the same manner as could the latter—by an independent suit for fraud. 13 Am. Dec. 160 *n.;* 1 Bl. Judg., § 197; 5 Ore. 518; 34 N. Y. 555; 42 Cal. 484; 101 Ill. 185; 112 Ill. 329; 31 Cal. 273; Freeman, Judg., § 513. A guardian has the inherent right to compromise a disputed claim, with the sanction and approval of a chancery court. 99 Ky. 504, S. C., 35 S. W. 1039; 69 Ia. 434; 59 Ind. 275-6. An appeal does not lie from a decree by consent. 74 Ill. 332; 61 Ia. 709; 23 Ia. 547; 2 Enc. Pl. & Pr. 99 *n.* The act of the guardian in the matter of the partition of lands is binding on the minor. Hence no appeal can be taken. Sand. & H. Dig., § 5440; 70 Am. St. 412.

*Gustave Jones* and *J. A. Watkins,* for appellants, in reply to motion to dismiss appeal.

A guardian cannot bind his ward by a consent decree. 11 Fla. 62; 78 Mich. 109; 31 La. An. 389. No judgment can be rendered against an infant until after a defense by a guardian. Sand. & H. Dig., § 5447. A defense by guardian must be real and earnest. 42 Ark. 222. An infant is not prejudiced by admissions of his guardian. 47 Ark. 445; 39 Ark. 235; 40 Ark. 12; 47 Ark. 297; 63 Miss. 143; 79 Va. 73; 58 Ia. 308; 10 Mich. 440; 11 Mo. 649; 11 Fla. 62; 1 J. J. Marsh. 440; 125 Ill. 626.

WOOD, J.  The decree from which this appeal was taken was rendered in February, 1889.  This appeal was granted by the clerk of this court February 19, 1900.  The appellant was born June 24, 1881.  She was therefore 18 years, 7 months and 25 days old, when this appeal was granted.  The decree from which she appeals had been rendered eleven years before.

The act approved March 16, 1899, to regulate the time in which appeals and writs of error may be taken to this court, is as follows:

"Section 1.  An appeal or writ of error shall not be granted except within one year next after the rendition of the judgment, order or decree sought to be reviewed, unless the party applying therefor was an infant or of unsound mind at the time of its rendition, in which cases an appeal or writ of error may be granted to such parties or their legal representatives within six months after the removal of their disabilities or death.

"Sec. 2.  The parties to all judgments, orders or decrees rendered within two years prior to the passage of this act shall have one year from the time it shall take effect within which to pray an appeal or sue out a writ of error.  The time for taking an appeal or suing out a writ of error on all judgments, final orders and decrees rendered more than two years prior to the passage of this act shall be three years from the date of the judgment, order or decree."

This act was passed to amend section 1027 of Sandels & Hill's Digest, which is as follows:  "An appeal or writ of error shall not be granted except within three years next after the rendition of the judgment or order, unless the party applying therefor was an infant, married woman, or of unsound mind, at the time of its rendition, in which cases an appeal or writ of error may be granted to such parties, or their legal representatives, within one year after the removal of their disabilities, or death, whichever may first happen."

1.  Appellee contends that the appeal was barred under either of the sections of the act of March 16, 1899, *supra*.

(a)  The first section is prospective in its operation.  It applies only to appeals from judgments, orders, and decrees rendered after the act took effect.  This is the general rule of construction, and that it is the true rule to apply to this section is manifest when considered in connection with the second section, for that section

expressly provides the time for appeal from all judgments, orders, or decrees rendered prior to the passage of the act. The first section has, therefore, no application.

(b) The first clause of the second section has no application here, for that refers to appeals from judgments, etc., rendered within a period of two years prior to the date of the passage of the act. The decree in this case was rendered about ten years prior to the passage of the act, so it comes within the latter clause of the second section of the above act, which prescribes: "The time for taking an appeal or suing out a writ of error on all judgments, final orders and decrees rendered more than two years prior to the passage of this act shall be three years from the date of the judgment or decree." From all judgments, final orders and decrees rendered three years or more prior to the passage of the act no time is given in which to appeal. This would, *eo instanti,* deprive infants of the right to appeal. The legislature could not do that. Sec. 15, art 7, Const.; *O'Bannon* v. *Ragan,* 30 Ark. 181.

2. The decree appealed from, after setting out the issues, proceeds as follows: "And it appearing that numerous depositions have been taken in this case, and the litigation herein is likely to be long and tedious of family matters: Now, therefore, in order to put an end to litigation, and as an amicable adjustment and settlement of a family affair in regard to the descent, inheritance and settlement of the rights of the plaintiffs and defendants in regard to all the real and personal estate of the said J. N. S. Gibson as above described and mentioned as being in the hands or control of his administrator, L. D. Snapp, as aforesaid, it is hereby ordered, considered and decreed by the court, as well as by the consent and agreement of all the parties hereto, both plaintiffs and defendants, that," etc. It appears that the court did not enter upon the merits of the controversy, but rendered the decree "to put an end to litigation, and as an amicable settlement and adjustment of a family affair." The question, then, is, can appellant appeal from a compromise decree entered by the consent of her regular guardian?

The statute provides that "no judgment can be rendered against an infant until after a defense by a guardian." Sec. 5647, Sand. & H. Dig. We have held under the statute that the defense of the guardian must be not merely formal, but real and earnest. He should put in issue and require proof of every material allegation to the infant's prejudice, whether it be true or not, and make

no concessions on his own knowledge. *Pinchback* v. *Graves,* 42 Ark. 222. Again, we have held that an infant is not prejudiced by admissions of his guardian. *McCloy* v. *Trotter,* 47 Ark. 445; *Moore* v. *Woodall,* 40 Ark. 42; *Evans* v. *Davis,* 39 Ark. 235. Now, every compromise involves an admission or concession to some extent of the claims of the other party. Anderson says: "It is the mutual yielding of opposing claims; the surrender of some right or claimed right in consideration of a like surrender of some counter-claim. And. Law Dict. *s. v.* "Compromise;" *Gregg* v. *Wethersfield,* 55 Vt. 387.

In the absence of authority given by statute, the general rule, says Mr. Rodgers, is that a guardian cannot agree to any compromise or settlement by which the property interests of his ward are affected without the concurring sanction of the court, to which he must look for authority to bind his ward. Rodg. Dam. Rel. § 859. The recitals of the record, *supra,* show affirmatively that the chancellor performed no judicial act of investigation into the merits of the controversy, before entering the decree. On the contrary, that was purposely avoided, out of considerations of mere expediency, "to put an end to tedious litigation, and as an amicable settlement and adjustment of a family affair." Such added dignity to the compromise of the guardian did not make it any the less his compromise. In the face of such a record, we cannot indulge the maxim, *"Omnia praesumuntur rite et solemniter esse acta."*

It was plainly not the compromise of the court. There was nothing to show that it was for the benefit of the infant. The facts shown by this record do not bring the appellant within the maxim of *consensus tollit errorem,* and bar her right of appeal. To hold otherwise, we think, would be contrary to the trend of our own statute and decisions, as well as the weight of authority. *Walton* v. *Coulson,* 1 McLean, 120; *U. S. Bank* v. *Ritchie,* 8 Pet. 128; 1 Black, Judg. § 197, and authorities cited; 15 Enc. Pl. & Pr. 13, and authorities cited.

The motion to dismiss the appeal is therefore overruled. In the absence of a request from the attorneys and an opportunity to be heard, it would not be proper to go further and determine whether the decree should be affirmed or reversed on the merits.