RANKIN *v.* SCHOFIELD.

Opinion delivered January 4, 1902.

1. APPEAL—TIME FOR TAKING.—Act of March 16, 1899, § 1, providing that an appeal or writ of error shall not be granted except within one year next after the rendition of the judgment, unless the party applying therefor was an infant or of unsound mind, in which cases the appeal may be granted within six months after the removal of the disabilities, is prospective, and does not apply to judgments rendered prior to the passage of the act. (Page 171.)

2. CONSTITUTIONAL LAW—CUTTING OFF APPEAL.—Sand. & H. Dig., § 1027, provided that an appeal or writ of error shall not be granted except within three years after the rendition of the judgment, unless the party applying therefor was an infant, etc., when one year was allowed after removal of the disability. Act of March 16, 1899, § 2, amendatory thereof, provides that the time for taking an appeal or writ of error on all judgments rendered more than two years previous shall be three years. *Held,* that, in so far as the act undertook to deprive infants of the right to appeal from judgments rendered three years or more prior to its passage, it is unconstitutional. (Page 171.)

3. COMPROMISE DECREE—WHAT IS.—A decree which recites that as litigation is likely to be long, and, in order to put an end thereto, and as an amicable adjustment and settlement of a family affair, "it is hereby ordered, considered and decreed by the court, as well as by the consent and agreement of all the parties," etc., shows on its face that it is merely a consent decree, enforcing the compromise of the parties. (Page 172.)

4. SAME—RIGHT OF INFANT TO APPEAL.—An infant, on arriving at age, will not be debarred from appealing from a compromise decree to which his guardian assented, unless the court concurrently sanctioned the compromise. (Page 172.)

5.  SAME—VALIDITY AGAINST INFANT.—It is error to render a compro-
     mise decree against an infant defendant without looking into the
     merits to determine whether the decree is for the infant's benefit.
     (Page 173.)

Appeal from Woodruff Circut Court in Chancery.

MATTHEW T. SANDERS, Judge.

Reversed.

Suit by Octavia Mitchell (who afterwards married Schofield)
and others against Sallie Spott Gibson (who afterwards married
Rankin) and others. A compromise decree was rendered at the
February term, 1889, in which, after reciting the appearance of the
parties, and the contention of the plaintiffs that they were the sole
surviving heirs of J. N. S. Gibson, deceased, who died intestate,
and that defendant Sallie Spott Gibson was not a legitimate daugh-
ter of the deceased, and also the contention of defendant Sallie
Spott Gibson that she was the lawful heir of deceased, the court
continued as follows:

"And it appearing that numerous depositions have been taken
in this case, and that the litigation is likely to be long and tedious
of family matters, now, therefore, in order to put an end to litiga-
tion, and as an amicable adjustment and settlement of a family
affair, in regard to the descent, inheritance and settlement of the
rights of the plaintiffs and defendants in regard to all the real and
personal estate of the said J. N. S. Gibson, as above described, and
mentioned as being in the hands and control of his administrator,
L. D. Snapp, as aforesaid, it is hereby ordered, considered and de-
creed by the court, as well as by the consent and agreement of all
the parties hereto, both plaintiffs and defendants, that the said
estate, both personal and real, and all rents arising from said land,
including the rents for 1889, and now to be settled and accounted
for by said administrator, be equally divided, giving to the plaintiffs
one-half of the same and the defendants, Sallie Spott Gibson and
Bettie Harwell, as their rights may appear, the other half."

The court then ordered that the property be sold, and ap-
pointed a commissioner for that purpose. The commissioner made
a sale, which was approved by the court. The proceeds of sale were
divided according to the above decree.

On February 19, 1900, Sallie Spott Rankin prayed an appeal,
alleging that she came of age in June, 1899. Appellees moved to
dismiss the appeal as barred by limitation.

*Gustave Jones* and *J. A. Watkins* for appellant.

The presumption is in favor of legitimacy of children.  4 L. R. A. 434, 437.  Illegitimacy must be established beyond a reasonable doubt.  8 L. R. A. 105.  Plaintiffs, being out of possession, had no right to maintain partition.  47 Ark. 238; 44 Ark. 338; 27 Ark. 77; 40 Ark. 155; 56 Ark. 391; Pom. Eq. Jur. § 252; 3 Kerr, Real Prop. §§ 2009, 2019.  Final decree should be entered here.  Sand. & H. Dig. § 1064; 45 Ark. 177, 191; 48 Ark. 316; 54 Ark. 278.

*O. W. Scarborough, Joseph W. House* and *Menefee House* for appellees.

Having properly acquired jurisdiction, the court had authority to do complete justice and settle every question that arose.  31 Ark. 345; 38 Ark. 435; 48 Ark. 544; 14 Ark. 50; 15 Ark. 24; 52 Ark. 411; 30 Ark. 278; 34 Ark. 410; 37 Ark. 164; 37 Ark. 286; 38 Ark. 397; 46 Ark. 25.  The statutory regulations as to partition do not take away the original jurisdiction of chancery.  19 Ark. 233.  The appeal should be dismissed because not taken by the party in interest.  30 Ark. 578; 28 Ark. 478; 47 Ark. 411; 2 Cal. 57; 17 Md. 525; 58 Mich. 86; Sand. & H. Dig. §§ 1027, 5623.  Appellant's consent to the appeal must appear.  8 Ark. 285.

*Gustave Jones* and *J. A. Watkins,* for appellant, in reply.

*Caveat emptor* applies to the sale of the land under the decree. 53 Ark. 542; 36 Ark. 591; 27 L. R. A. 252; 18 L. R. A. 88; Rorer, Jud. Sales, 474.  Ejectment was the remedy, and equity had no jurisdiction.  113 U. S. 550; 40 Ark. 155; 43 Ill. 282; 17 Am. & Eng. Enc. Law, 661, 695; 27 Ark. 96; 3 Grant's Cases (Pa.) 177; 7 Mass. 475.

Wood, J.  The decree from which this appeal was taken was rendered in February, 1889.  This appeal was granted by the clerk of this court February 19, 1900.  The appellant was born June 24, 1881.  She was therefore 18 years, 7 months, and 25 days old when this appeal was granted.  The decree from which she appeals had been rendered 11 years before.  The act approved March 16, 1899, to regulate the time in which appeals and writs of error may be taken to this court, is as follows:

· "Section 1.  An appeal or writ of error shall not be granted except within one year next after the rendition of the judgment,

order or decree sought to be reviewed, unless the party applying therefor was an infant or of unsound mind at the time of its rendition, in which cases an appeal or writ of error may be granted to such parties or their legal representatives within six months after the removal of their disabilities or death.

"Sec. 2. The parties to all judgments, orders or decrees rendered within two years prior to the passage of this act shall have one year from the time it shall take effect within which to pray an appeal or sue out a writ of error. The time for taking an appeal or suing out a writ of error on all judgments, final orders and decrees rendered more than two years prior to the passage of this act shall be three years from the date of the judgment, order or decree."

Acts 1899, p. 111.

This act was passed to amend section 1027, Sand. & H. Dig., which is as follows: "An appeal or writ of error shall not be granted, except within three years next after the rendition of the judgment or order, unless the party applying therefor was an infant, married woman, or of unsound mind at the time of its rendition, in which case an appeal or writ of error may be granted to such parties, or their legal representative, within one year after the removal of their disabilities, or death, whichever may first happen."

Appellee contends that the appeal was barred under either of the sections of the act of March 16, 1899, *supra.*

(a) The first section is prospective in its operation. It applies only to appeals from judgments, orders, and decrees rendered after the act took effect. This is the general rule of construction, and that it is the true rule to apply to this section is manifest when considered in connection with the second section, for that section expressly provides the time for appeal from all judgments, orders, or decrees rendered prior to the passage of the act. The first section has therefore no application.

(b) The first clause of the second section has no application here, for that refers to appeals from judgments, etc., rendered within a period of two years prior to the date of the passage of the act. The decree in this case was rendered about 10 years prior to the passage of the act, so it comes within the latter clause of the second section of the above act, which prescribes: "The time for taking an appeal or suing out a writ of error on all judgments, final orders and decrees rendered more than two years prior to the

passage of this act shall be three years from the date of the judgment, order or decree." From all judgments, final orders, and decrees rendered three years or more prior to the passage of the act, no time is given in which to appeal. This would, *eo instanti,* deprive infants of the right to appeal. The legislature could not do that. Sec. 15, art. 7, Const.; *O'Bannon* v. *Ragan,* 30 Ark. 181.

2. The decree appealed from, after setting out the issues, proceeds as follows: "And it appearing that numerous depositions have been taken in this case, and the litigation herein is likely to be long and tedious of family matters: Now, therefore, in order to put an end to litigation, and as an amicable adjustment and settlement of a family affair in regard to the descent, inheritance and settlement of the rights of the plaintiffs and defendants in regard to all the real and personal estate of the said J. N. S. Gibson. as above described and mentioned as being in the hands or control of his administrator, L. D. Snapp, as aforesaid, it is hereby ordered, considered and decreed by the court, as well as by the consent and agreement of all the parties hereto, both plaintiffs and defendants, that," etc. It appears that the court did not enter upon the merits of the controversy, but rendered the decree "to put an end to litigation, and as an amicable settlement and adjustment of a family affair." The question, then, is, can appellant appeal from a compromise decree entered by the consent of her regular guardian? The statute provides that "no judgment can be rendered against an infant until after a defense by a guardian." Sec. 5647, Sand. & H. Dig. We have held under the statute that the defense of the guardian must be not merely formal, but real and earnest. He should put in issue and require proof of every material allegation to the infant's prejudice, whether it be true or not, and make no concessions on his own knowledge. *Pinchback* v. *Graves,* 42 Ark. 222. Again, we have held that an infant is not prejudiced by admissions of his guardian. *McCloy* v. *Trotter,* 47 Ark. 445, 2 S. W. 71; *Moore* v. *Woodall,* 40 Ark. 42; *Evans* v. *Davies,* 39 Ark. 235. Now, every compromise involves an admission or concession to some extent of the claims of the other party. Anderson says it is the mutual yielding of opposing claims; the surrender of some right or claimed right in consideration of a like surrender of some counterclaim. And, Law Dict. *verbo* "Compromise"; *Gregg* v. *Town of Wethersfield,* 55 Vt. 387. In the absence of authority given by statute, the general rule is, says Mr. Rodgers, that a guardian cannot agree to

any compromise or settlement by which the property interests of his ward are affected without the concurring sanction of the court to which he must look for authority to bind his ward. Rodg. Dom. Rel. § 859. The recitals of the record *supra* show affirmatively that the chancellor performed no judicial act of investigation into the merits of the controversy before entering the decree. On the contrary, it appears that was purposely avoided, out of consideration of mere expediency, "to put an end to tedious litigation, and as an amicable settlement and adjustment of a family affair." Such added dignity to the compromise of the guardian did not make it any less his compromise. In the face of such a record we cannot indulge the maxim, *"Omnia praesumuntur rite et solemniter esse acta."* It was plainly not the compromise of the court. There was nothing to show that it was for the benefit of the infant. The facts shown by this record do not bring the appellant within the maxim of *"Consensus tollit errorem,"* and bar her right to appeal. To hold otherwise, we think, would be contrary to the trend of our own statute and decisions, as well as the weight of authority. *Walton* v. *Coulson,* 1 McLean, 120, Fed. Cas. No. 17132; *Bank* v. *Ritchie,* 8 Pet. 128, 8 L. Ed. 890; 1 Black, Judgm. § 197, and authorities cited; 15 Enc. Pl. & Prac. 13, and authorities cited.

The motion to dismiss the appeal is therefore overruled. In the absence of a request from the attorneys and an opportunity to be heard, it would not be proper to go further, and determine whether the decree should be affirmed or reversed on the merits.

Opinion delivered November 15, 1902.

WOOD, J. The court erred in rendering the consent decree without looking into the merits to determine whether same was for the benefit of the infant. The proceedings under this erroneous decree have brought about new conditions. Appellant asks here for an order of restitution. It appears that the trial court did not pass upon either the pleadings or the proof, and we will not do so. It may be that an order of restitution will be proper before further proceedings are had in the lower court. We will not, however, pass upon that question. The parties may desire to amend their pleadings, make new parties and take further proof. Appellant may, if she deems proper, ask for restitution in the lower court.

Reversed and remanded, with leave to amend pleadings and with directions to proceed according to law.