KUYKENDALL *v.* ZACHARY.

Opinion.delivered May 6, 1929.

*Starbird & Starbird,* for appellant.

*Jesse Reynolds* and *Dobbs & Young,* for appellee.

SMITH, J.   Amanda Bagsby and B. L. Zachary were married May 30, 1904, and on September 4 of the same year a son was born, who was named Blakely.   Shortly after the birth of this son Mrs. Zachary obtained a divorce from her husband on the ground of desertion.   In 1908 Zachary married a second time, and installed this wife in a home which he owned in Alma, Arkansas, where he resided with her until his death, which occurred in 1922.   Zachary was an employee of the Missouri Pacific Railroad at the time of his death, and was killed while pursuing his employment, and the administrator of his

estate recovered judgment against the railroad company for the death of his intestate. The judgment was for $2,750, of which $2,000 was for the benefit of the widow and next of kin and $750 for the benefit of the estate.

On April 28, 1922, suit was brought by the mother of Blakely Zachary as his guardian and next friend against his father's second wife to recover his interest in his father's estate. On June 18, 1923, a consent decree was rendered in this case, which recites the appearance of the parties in person and by attorneys, who "announced that settlement of the same had been reached by mutual agreement of the parties thereto."

The decree further recited: "Whereupon the court finds that the parties have agreed judgment shall be entered in favor of the plaintiff for the sum of $650 in full satisfaction of his interest and claim in the property belonging to the estate of said Bert or B. L. Zachary, deceased, consisting of" the homestead, "and also in full satisfaction of the plaintiff's interest and claim in and to all of the personal property belonging to said estate, consisting of" the proceeds of the judgment against the railroad company and certain other personal property. It was therefore adjudged that plaintiff have judgment for $650 in full satisfaction of all his rights of inheritance in the estate of his father, and that "all right, title, interest and claim of said Blakely Zachary in and to said lot is hereby vested in Fannie Zachary in fee simple forever."

After the rendition of the above judgment Mrs. Zachary sold and conveyed the homestead to appellant, Kuykendall.

On April 9, 1927, Blakely Zachary brought this suit in ejectment to recover the homestead from Kuykendall, and the cause was transferred to equity, and upon the trial there the chancellor decreed that the plaintiff was entitled to recover the property, subject only to the

dower rights of his stepmother, all questions of accounting being reserved, and this appeal is from that decree.

It is the opinion of the majority that the instant case is not essentially different from that of *Rankin* v. *Schofield*, 81 Ark. 440, 8 S. W. 674, and is controlled by it. In this case, as in that, a compromise of a minor's rights was effected without the direction or consent of the court, and the court was not called upon to examine the terms of the settlement or to find whether it was fair to the minor. It affirmatively appears, in this case as in the other, that the court found only that a settlement of the minor's claim had been made, and a decree was rendered in accordance with this settlement. Such a decree was declared by Mr. Justice BATTLE, in the opinion on rehearing in the Rankin case, *supra,* to be void.

The doctrine of the Rankin case was reaffirmed in the case of *Frazier* v. *Frazier,* 137 Ark. 63, 207 S. W. 215, where it was said:

"Moreover, we are of the opinion that the court erred in not setting aside the order of confirmation for the reasons which affected the substantial rights of the minors. Neither the guardian nor the guardian's attorney can make any admissions to the prejudice of the ward. *McCloy & Trotter* v. *Arnett,* 47 Ark. 445, 2 S. W. 71. This is in accord with the general rule that a guardian *ad litem* has no power to join in an agreed statement of facts on which an action to which an infant is a party is to be submitted for decision. *Greene* v. *Mabey,* 35 R. I. 11, 85 Atl. 118, Ann. Cas. 1915A, p. 1290, and note. In *Rankin* v. *Schofield,* 70 Ark. 83, 66 S. W. 197, the court held that, in the absence of authority given by statute, the guardian cannot agree to any compromise or family settlement by which the property interests of his ward are affected, without the concurring sanction of the court to which he must look for authority to bind his ward. This is an application of the well-known rule that a guardian has no power to bind the infant by any admission of fact. So it may be said to be the settled rule in this State and

elsewhere that a next friend or guardian *ad litem* cannot by admission or stipulation surrender the rights of the infant. It is the duty of the court to protect the interests of the infants, and see to it that their rights are not bargained away by those who represent them."

This opinion is not to be interpreted as denying the right of the representatives of a minor litigant to effect a compromise of his litigation, for a compromise might in many cases be entirely proper and highly advantageous to the minor; but it does mean that a compromise cannot be effective unless it is first approved by the court as being fair to the minor, and the approval would, of course, imply such investigation on the part of the court as made the fact appear that the minor's interest had not been sacrificed. But in a case, as in the Rankin case and in this, where it affirmatively appears that no investigation and determination was made, and the court's only action was to embody the settlement in the decree, making the settlement the decree of the court, it is void.

The decree here attacked, being void on its face, was subject to the collateral attack made against it. The decree setting it aside is therefore affirmed.