LON EARL MUNCRIEF, A MINOR, BY MRS. GEORGE
YOUNG, HIS MOTHER AND NEXT FRIEND v.
WILLIAM W. GREEN, ADMINISTRATOR OF THE ESTATE OF
JOHN E. STASICK DECEASED

5-5665                                    473 S.W. 2d 907

Opinion delivered December 13, 1971

*Hobbs & Longinotti,* for appellant.

*Cockrill, Laser, McGehee, Sharp & Boswell,* for appellee.

GEORGE ROSE SMITH, Justice. This is an action for personal injuries brought by the appellant, Lon Earl Muncrief, a minor. The defendant is the administrator of the estate of John E. Stasick, deceased. In the trial court the defendant successfully moved for a summary judgment, on the ground that a compromise judgment

in prior litigation between the same parties was a bar to the maintenance of this action. The correctness of the summary judgment is the issue here.

On December 17, 1966, Lon Earl Muncrief and John E. Stasick, two 17-year-old minors, were involved in a one-car accident in which John was killed and Lon Earl was injured. After the accident Lon Earl gave conflicting statements to his liability insurance company, first stating that he was the driver at the time of the accident and later stating that John was the driver.

The personal representatives of John's estate brought an action for wrongful death against Lon Earl, whose mother was appointed as his guardian ad litem. The complaint charged that Lon Earl had been driving the car and had been willfully and wantonly negligent. The defense was handled by the liability insurance company, whose claims superintendent informed Lon Earl and his mother by letter that the case would be handled on the assumption that John had been driving (in which event there would presumably be no liability). The company, however, filed an answer containing only a general denial and pleas of contributory negligence and assumption of risk. There was no counterclaim nor any assertion that John was driving the car at the time of the accident.

The earlier case was compromised by the payment of $9,250 to the plaintiffs. On May 16, 1968, the probate court entered an order in the John E. Stasick administration proceedings, finding that the proposed settlement was to the best interest of the estate. On the same day the circuit court entered an order dismissing the wrongful death action, with prejudice.

The appellee first contends that the appellant is pursuing the wrong remedy, in that he should have brought an action under the statute to vacate the judgment after the expiration of the term. Ark. Stat. Ann. § 29-506 (Repl. 1962). We have held, however, that the statute does not apply to a void judgment. *State* v. *West*, 160 Ark. 413, 254 S. W. 828 (1923). That conclusion is in harmony

with the general rule that a judgment void on the face of the record is open to direct or collateral attack. *Woolfolk* v. *Davis*, 225 Ark. 722, 285 S. W. 2d 321 (1955).

Whether the 1968 judgment was void must be determined on the basis of controlling precedents which provide the strictest protection for a minor in the compromise of litigation. The minor's guardian can make no admission or concession to the minor's prejudice. Since a compromise does involve a concession, it is the duty of the court to examine the merits of the case before approving such a settlement. *Rankin* v. *Schofield*, 71 Ark. 168, 70 S. W. 306, 100 Am. St. Rep. 59 (1902). In a later appeal in that case we said on rehearing that when the court makes no investigation to determine whether the compromise is a proper one, the judgment is void. *Rankin* v. *Schofield*, 81 Ark. 440, 98 S. W. 674 (1905). More recently we have said that such a judgment is void on its face and subject to collateral attack. *Kuykendall* v. *Zachary*, 179 Ark. 478, 16 S. W. 2d 590 (1929).

We turn, then, to the record in this case, bearing in mind that all doubts must be resolved in favor of the party resisting the summary judgment, here the appellant. *Russell* v. *City of Rogers*, 236 Ark. 713, 368 S. W. 2d 89 (1963).

We first quote the 1968 circuit court judgment in its entirety:

> On this day is presented to the court the motion of plaintiffs to dismiss their complaint against the defendant with prejudice, and from said motion and other matters and things before the court, this court doth find:

> That the plaintiffs' cause of action against the defendant has been compromised and settled in full and should be dismissed with prejudice.

> It is, therefore, considered, ordered and adjudged that the plaintiffs' complaint against the defendant be and the same is hereby dismissed with prejudice.

It will be noted that the judgment contains not one syllable to indicate affirmatively that the court considered the merits of the compromise settlement. The court's sole finding of fact was that the plaintiffs' cause of action had been compromised and settled. Thus the judgment appears on its face to be void, insofar as it represents a compromise of Lon Earl's unasserted cause of action against the plaintiffs in that case.

The appellee argues, however, that since the judgment recites that the court considered the motion "and other matters and things," we should assume, upon the authority of *Swindle* v. *Rogers*, 188 Ark. 503, 66 S. W. 2d 630 (1934), that the court went into the merits of the compromise and doubtless considered the findings made by the probate court on the same day. In the *Swindle* case the judgment recited that the court had heard the testimony of witnesses.

Construing the record strictly against the summary judgment, we cannot say that Lon Earl's rights were properly protected in the earlier case. It must be remembered that the answer filed in Lon Earl's behalf contained no intimation that John Stasick had been driving the car, nor was any counterclaim asserted. Both the petition filed in the probate court and that court's order approving the compromise make reference only to the personal representatives' cause of action *against* Lon Earl, for wrongful death. Evidently the personal representatives and the insurance company were all anxious for the probate court to approve the settlement. In the circumstances there is not the slightest reason to suppose that either the probate court or the circuit court had the remotest idea that a cause of action for personal injuries might exist *in favor of* Lon Earl. To the contrary, all inferences to be drawn from the record lead to the conclusion that Lon Earl's possible cause of action was *not* considered by either court.

Alternatively, the appellee contends that the summary judgment should be upheld on the principle of judicial estoppel, by which a party may be prevented from taking inconsistent positions in successive cases

with the same adversary. In support of this argument the appellee stresses the fact that Lon Earl's mother appeared both as his guardian ad litem in the first case and as his next friend in this one.

Doubtless that contention would have much force if Lon Earl's mother, an adult, sought to recover damages for herself personally in the case at bar. We fail to see, however, just how such an application of the doctrine of judicial estoppel, as applied to Lon Earl's own cause of action, can be reconciled with our cases holding the earlier compromise judgment to be void. Obviously the same argument could have been made in the *Rankin* cases, the *Kuykendall* case, and our other cases to the same effect. To sustain such an argument we would in effect have to overrule those decisions protecting the rights of a minor in the compromise of litigation, for the guardian would then be able to bargain away the minor's cause of action upon the theory of estoppel. Our established rule, however, is that the guardian can make no admission or concession to the detriment of the minor. Consequently we are unwilling to approve a theory that would nullify our controlling precedents of long standing.

Reversed.