Erwin L. DAVIS *v.* OFFICE OF CHILD SUPPORT
ENFORCEMENT

95-213                                                908 S.W.2d 649

Supreme Court of Arkansas
Opinion delivered November 6, 1995

*Charles L. Stutte*, for appellant.

*G. Keith Griffith*, for appellee.

DONALD L. CORBIN, Justice. Appellant, Erwin L. Davis, appeals a judgment of the Washington County Chancery Court finding him the father of a minor child, Kerwin Mikhail Lee Sheppard, born out of wedlock on December 10, 1990, and ordering him to pay support for the child. Appellant's sole assignment of error is the trial court's denial of his motion to dismiss pursuant to ARCP Rule 41 for prior dismissal with prejudice of the same action. On July 6, 1994, this court denied appellant's petition for writ of prohibition on the same issue. That denial was without prejudice for appellant to raise the issue on appeal. Jurisdiction of the appeal is properly in this court under Ark. Sup. Ct. R. 1-2(a)(3), as construction of Rule 41 is required. We find no merit to appellant's argument and affirm the judgment.

This is the third time that appellee, Office of Child Support Enforcement, has initiated paternity and support proceedings relating to the same minor child against appellant on behalf of

the child's mother, Marlene Sheppard. Appellant has consistently denied paternity and argued that if the child was indeed his, it was because Sheppard broke into his home, stole a used condom containing his sperm, and artificially inseminated herself. The first paternity proceeding resulted in a voluntary dismissal without prejudice pursuant to appellee's motion. After the first dismissal, appellant sued Sheppard and her mother for the alleged break-in of his home. Appellant testified his purpose for filing suit was to force a paternity test. According to appellant's testimony, the test showed the probability of his paternity is 99.65 percent. The second proceeding ended in a dismissal with prejudice after a settlement was reached and acknowledged by the chancery court. Thus, appellant argues, the dismissal with prejudice barred appellee from pursuing a third action against him.

■ Appellant relies on Rule 41 and the theories of estoppel, waiver, accord and satisfaction, release, discharge, and *res judicata*. Rule 41 provides that when a plaintiff has once dismissed her case voluntarily, a subsequent dismissal by that plaintiff operates as an adjudication on the merits unless the parties agree in writing that the subsequent dismissal will be without prejudice. The order dismissing the second complaint with prejudice is the order upon which appellant's argument in this case must rest, and states in its entirety:

> COMES NOW FOR HEARING the Plaintiff's Motion for Dismissal With Prejudice, and Plaintiff, Marlene R. Sheppard appearing in person and as the natural parent and next friend of Kerwin L. Sheppard, a minor, and further represented by Counsel, George E. Butler, Jr., appearing on behalf of the Plaintiff and the State of Arkansas, Department of Human Services; and Defendant, Erwin Davis, appearing and by his attorney, Dale Varner, and from the pleadings, representations of Plaintiff and statements of the attorneys, and other matters appearing before the Court, the Court finds:
>
> 1. That this Court has jurisdiction over the parties and the subject matter herein.
>
> 2. That all parties have agreed to a settlement of all contested and disputed issues appearing before the Court as evidenced and acknowledged by the below signature of Plaintiff, and Plaintiff represents to the Court that all terms

of same have been executed in full, Defendant having no further duties, and that Plaintiff has prayed that this case be dismissed with prejudice.

IT IS THEREFORE, CONSIDERED, ORDERED, ADJUDGED AND DECREED that the above captioned cause should be, and hereby is, dismissed with prejudice.

More than a year after the above-quoted dismissal with prejudice was entered, appellee initiated this suit, the third suit for paternity and support, alleging in the complaint that the dismissal with prejudice was void under Arkansas law. In that complaint, appellee acknowledged that the dismissal with prejudice was based upon appellant's payment of $10,000.00 towards medical expenses, past support, and future support. Consequently, appellee requested the $10,000.00 be allocated by the trial court to medical expenses, past support, and future support based upon the Family Support Chart.

The trial court denied appellant's motion to dismiss the instant suit by order stating that the dismissal with prejudice was void as against public policy because there was no hearing to determine that dismissal was in the child's best interest. After a hearing on the third paternity complaint, the trial court entered an order reflecting that all parties were represented by counsel and that the minor child was represented by a guardian *ad litem*. In the order, the trial court found appellant to be the father of the minor child in question, ordered appellant to pay support at a rate of $200.00 per month, and applied the $10,000.00 appellant had previously paid to future support payments such that appellant received credit for fifty payments. From that order comes this appeal in which appellant contends the trial court erred in denying his motion to dismiss and allowing the case to proceed after the dismissal with prejudice.

■ It has long been the law in Arkansas that the interests of a minor cannot be compromised by a guardian without approval by the court. *See, e.g., Rankin* v. *Schofield*, 71 Ark. 168, 66 S.W. 197 (1902). It is not sufficient that a court be made aware of a compromise agreement and that it is agreeable to the guardian; rather, the court must make a judicial act of investigation into the merits of the compromise and into its benefits to the minor. *Id.; Kuykendall* v. *Zachary*, 179 Ark. 478, 16 S.W.2d 590 (1929).

Any judgment by a court that compromises a minor's interest without the requisite investigation is void on its face. *Id.; Rankin v. Schofield*, 81 Ark. 440, 98 S.W. 674 (1905).

The foregoing rules of public policy protecting minors have been applied to a child's right to support from his parents. *See, e.g., Muncrief v. Green*, 251 Ark. 580, 473 S.W.2d 907 (1971). Moreover, this court has stated that the duty of support is a continuing one and one that cannot be permanently bargained away by a parent to the child's detriment. *Storey v. Ward*, 258 Ark. 24, 523 S.W.2d 387 (1975). Consequently, the parents' inability to permanently bargain away the child's right to support preserves the court's power to modify an order to meet subsequent conditions. *Id.; Paul M. v. Teresa M.*, 36 Ark. App. 116, 818 S.W.2d 594 (1991).

Appellant argues that the foregoing policy considerations apply only to support cases and not to contested paternity cases. This argument is entirely without merit, for the major purpose of Arkansas's filiation law is to identify the putative father so that he may assume his equitable share of the responsibility to his child. *Eaves v. Dover*, 291 Ark. 545, 726 S.W.2d 276 (1987).

As appellant asserts, there is no doubt that the Arkansas Rules of Civil Procedure apply to paternity proceedings. Ark. Code Ann. § 9-10-102 (Repl. 1994). This case therefore requires us to balance the application of ARCP Rule 41 against the public policy that a minor's right to support cannot be permanently settled by his parent. Given the long-standing protection of minors by the courts in this state and others, the scales tip heavily in favor of protecting the minor's well-guarded right to continuing support. *Muncrief*, 251 Ark. 580, 473 S.W.2d 907; *see, e.g., Tuer v. Niedoliwka*, 285 N.W.2d 424 (Mich. App. 1979). The welfare of the child is paramount. *Storey*, 258 Ark. 24, 523 S.W.2d 387.

The dismissal with prejudice upon which appellant relies in this case does not indicate that the trial court considered whether the settlement would be to the child's benefit. In fact, we cannot determine from the terms of that order that the trial court was even aware of the terms of the settlement. Consistent with *Rankin*, 81 Ark. 440, 98 S.W. 674, and *Kuykendall*, 179

Ark. 478, 16 S.W.2d 590, the order of dismissal is therefore void on its face. Void judgments have no legal effect. *Rankin*, 81 Ark. 440, 98 S.W. 674. They are worthless; no rights can be obtained from them and all proceedings founded upon them are equally worthless. *Id.* Because the dismissal with prejudice was void, it could not and did not operate as a bar to these proceedings under ARCP Rule 41. The trial court did not err in so holding.

The judgment is affirmed.

ROAF, J., concurs.

ANDREE LAYTON ROAF, Justice, concurring. I concur with the majority holding that the trial court should be affirmed under the facts presented in this case, but write to express several concerns.

First, as the majority correctly notes, attorneys with the appellee Office of Child Support Enforcement (CSE) initiated all three paternity actions against the appellant, and agreed to settle and dismiss the second action with prejudice. The same office then filed the third action a little more than a year later, challenging the dismissal with prejudice their office had approved.

George Butler, the attorney for CSE in the first two actions, testified as follows:

> Even though these things are styled *Marlene Sheppard* vs. *Erwin Davis*, the Office of Child Support Enforcement actually always represents the State. We style our pleadings different now than we did then, but we always represented the State, and at this particular time I think Ms. Sheppard may have been, or she may have been the other time, may have been on some public assistance at that time too in which event those cases are automatically referred to us.
>
> . . .
>
> We had always — the law always was, and there had always been an understanding we represented the State, and then we finally started changing — decided we needed to start changing our captions, and we have done that.

Mr. Butler further testified:

> I thought there was a chance that this settlement might

be subject to attack later on, if not by her, but by a Guardian of the child. I wasn't for certain at that time whether or not it might be void as against public policy.

The conduct of the CSE attorneys is not at issue in this opinion, however, to the extent they may feel that they are free to continue the not uncommon practice of filing and dismissing multiple actions against the same defendant without fear of running afoul of Rule 41 in future cases, I would point out that Ark. R. Civ. P. 41(d) provides for payment of costs of previously dismissed actions, and Ark. R. Civ. P. 11 provides for sanctions for causing the needless increase in the cost of litigation. These rules should apply to attorneys who are employed by the "state" and who work exclusively in the domain of child support, whether they consider themselves to be collecting funds to reimburse the state for AFDC and other public assistance or whether they are truly looking out for the welfare of children in need of support.

Also, I point out that there is no statute of limitation on bringing an action for paternity. *See* Ark. Code Ann. § 9-10-102(b). Indeed, such actions are often brought on behalf of teenage children, and up to the eve of a child reaching the age of majority. Under such circumstances, a one-time settlement payment and dismissal with prejudice would not be unreasonable if both parties are represented by counsel, as in the instant case.

I concur.