Jeffrey ADAIR v. Julie ADAIR

CA 95-485

923 S.W.2d 286

Court of Appeals of Arkansas
Division III
Opinion delivered May 29, 1996

Paul A. Schmidt & Associates, by: Paul A. Schmidt, for appellant.

Michael Knollmeyer, for appellee.

JOHN B. ROBBINS, Judge. This appeal results from an order of the Lonoke County Chancery Court that increased appellant's

child-support obligation and ordered appellant to pay appellee $11,570.00 for his failure to make the parties' Chapter 13 bankruptcy payments as ordered by the court. Appellant, Jeffrey Adair, does not challenge the chancellor's increase in his child-support obligation on appeal; however, he does contend that the award of $11,570.00 to appellee is clearly erroneous. We agree and therefore reverse in part.

The parties to this appeal were divorced in October 1987, and appellee, Julie Adair, was awarded custody of the parties' two minor children. In the divorce decree, the chancellor noted that the parties' joint debts, house and property, were subject to a Chapter 13 bankruptcy petition and ordered appellant to make the weekly $168.00 Chapter 13 payments under the plan in lieu of paying child support. Approximately six months after the decree was entered, appellant stopped making the bankruptcy payments, and the bankruptcy petition was subsequently dismissed. Sometime thereafter, appellant began paying appellee $62.50 in weekly child support.

In May 1994, appellee filed a motion to increase child support and a motion to have appellant held in contempt for his refusal to comply with the portion of the divorce decree that ordered him to make the Chapter 13 payments. After a hearing on these motions, the chancellor set appellant's child-support obligation at $116.00 per week and awarded appellee judgment against appellant in the amount of $11,570.00 because of appellant's failure to make the Chapter 13 payments as ordered by the court.

On appeal, appellant claims that the $11,570.00 award to appellee is clearly erroneous. The only evidence appellee offered concerning the bankruptcy petition was her testimony that the Chapter 13 petition was filed while the parties were separated but still married; that appellant was ordered to make the bankruptcy payments by their divorce decree; and that the case was dismissed for lack of payment after six months. There was no evidence that appellee had paid any creditors included in the bankruptcy petition or that she had even been contacted by these creditors. In sum, appellee offered no evidence that she had suffered any injury as a result of the dismissal of the bankruptcy petition. Had there been such evidence, this court would have no hesitation in affirming an award to appellee to reimburse her for those amounts. The issue before us, however, is whether the award to appellee is clearly erroneous, and because there is no evidence to support such an

award, we must conclude that it is. Accordingly, we must reverse the $11,570.00 award to appellee.

On appeal, chancery cases are tried *de novo* on the record, and the findings of the chancellor will not be reversed unless they are clearly erroneous or clearly against the preponderance of the evidence. *Hardison* v. *Jackson*, 45 Ark. App. 49, 55, 871 S.W.2d 410, 413 (1994).

Affirmed in part; reversed in part.

COOPER and MAYFIELD, JJ., agree.