STATE of Arkansas, Office of Child Support Enforcement, Stephanie Blue, Assignor *v.* Edward FLOWERS

CA 96-954                                          944 S.W.2d 558

Court of Appeals of Arkansas
Division IV
Opinion delivered May 7, 1997

*Allison McCoy*, for appellant.

*Larry Dunklin*, for appellee.

WENDELL L. GRIFFEN, Judge. Pulaski County Child Support Enforcement Unit (PCCSEU) appeals a ruling by the Pulaski County Chancery Court dismissing a paternity action filed on behalf of assignor Stephanie Blue with prejudice. We modify the chancellor's decision to dismiss the paternity action without prejudice, and affirm the trial court's ruling as modified.

PCCSEU filed a complaint for paternity on behalf of Blue in December 1992, and appellee, Edward Flowers, subsequently signed an agreed order for blood testing. Appellee appeared for HLA blood testing on March 2, 1993, at Roche Biomedical Laboratories, but Blue and the minor child failed to appear. PCCSEU closed Blue's case in May 1993. The chancellor entered an order

dismissing appellant's complaint without prejudice due to lack of prosecution pursuant to Ark. R. Civ. P. 41 in September 1994.

Appellant refiled its complaint for paternity against appellee in July 1995, and appellee again signed an agreed order for paternity testing. The parties were ordered to appear for DNA testing on October 13, 1995. Appellee again appeared for the test; however, Blue and the minor child failed to appear for the October 13, 1995, testing date, and a third scheduled date of November 28, 1995.

A hearing was scheduled for March 27, 1996, and appellee was served with notice of the hearing on January 25, 1996. A subpoena was issued for Blue, but she was not served and did not appear. Appellee appeared for the March 1996 hearing with counsel. Upon motion of the appellee, the chancellor dismissed appellant's complaint with prejudice. It is from this ruling that PCCSEU appeals.

On appeal, chancery courts are tried *de novo* on the record, and a chancellor's findings will not be reversed unless they are clearly erroneous or clearly against the preponderance of the evidence. *Adair v. Adair*, 54 Ark. App. 9, 923 S.W.2d 286 (1996). Appellant argues that Ark. R. Civ. P. 41 cannot bar a minor child's right to continued support from a putative father. Arkansas Code Annotated § 9-10-102 (Supp. 1995) states, in part, that the Rules of Civil Procedure apply to actions for paternity, and there is no statute of limitations that restricts when a paternity action may be brought. Arkansas Rule of Civil Procedure 41(b) provides that when an action has been previously dismissed without prejudice, a subsequent dismissal operates as an adjudication on the merits. Appellant cites the controlling case of *Davis v. Office of Child Support Enforcement*, 322 Ark. 352, 908 S.W.2d 649 (1995), in arguing that protection of the minor child's right to continuing support outweighs the application of Arkansas Rule of Civil Procedure 41. *Id.*

In *Davis*, the father of a minor child appealed the trial court's denial of his motion to dismiss pursuant to Ark. R. Civ. P. 41 because the court had previously dismissed the same paternity action with prejudice. *Id.* The Office of Child Support Enforce-

ment had initiated three actions for paternity and support relating to the same minor child against the putative father. In affirming the actions of the Washington County Chancery Court, the supreme court held that in balancing the application of Rule 41 against the public policy that a minor's right to support cannot be permanently settled by a parent, the scales tip heavily in favor of protecting the minor's well-guarded right to continued support as the welfare of the child is paramount. *Id.* at 356, 908 S.W.2d at 652 (citing *Muncrief v. Green*, 251 Ark. 580, 473 S.W.2d 907 (1971) and *Storey v. Ward*, 258 Ark. 24, 523 S.W.2d 387 (1975)). The chancellor's ruling granting the motion to dismiss would have served to bastardize the minor child, contravening state public policy. *Storey, supra.*

■ In this case the chancellor made a finding that Blue had been uncooperative, and that appellee had been most cooperative throughout the proceedings. Because the dismissal with prejudice is void under the holding in *Davis*, it does not bar future proceedings. Therefore, we modify the chancellor's ruling to dismiss appellant's paternity action without prejudice, and affirm.

Affirmed as modified.

JENNINGS and BIRD, JJ., agree.