SLIP OPINION

Cite as 2015 Ark. 442

# SUPREME COURT OF ARKANSAS

No. CV–14–1018

|  |  |  |
|---|---|---|
| | | **Opinion Delivered** December 3, 2015 |
| SHERYL NORRIS | | APPEAL FROM THE SALINE |
| | APPELLANT | COUNTY CIRCUIT COURT |
| | | [NO. 63PR09-372] |
| V. | | HONORABLE BOBBY D. |
| | | McCALLISTER, JUDGE |
| ASHLEY DAVIS | | AFFIRMED; COURT OF APPEALS |
| | APPELLEE | OPINION VACATED. |

**JOSEPHINE LINKER HART, Associate Justice**

Appellant, Sheryl Norris, who was a signatory to a family-settlement agreement that was subsequently approved by the circuit court, appeals from the circuit court's order denying her motion to set aside the agreement. In her motion, Norris noted that the agreement distributed a portion of the assets of the decedent's estate of Joseph Patterson to the estate of a minor, K.P., and the estates of two other minors. Norris alleged that, after the agreement had been approved by the circuit court, Norris discovered that K.P. was not Joseph Patterson's natural child and that K.P's mother, Ashley Davis, had falsely claimed that K.P. was Patterson's natural child and should be determined to be his heir. Norris asserted that it was unfair to permit K.P. to retain the funds fraudulently obtained by Davis. Further, Norris sought to compel discovery from Davis to establish that Davis had made these misrepresentations. The circuit court dismissed Norris's motion on the basis of res judicata, finding that the issues of paternity and

proportionate entitlement to inherit had been litigated. The court further dismissed all other proceedings pending before it as moot, which included Norris's motion to compel discovery. On the issue Norris raises on appeal, we affirm the circuit court's finding.[1]

A 2010 circuit court order approved the family-settlement agreement and determined that three minors, K.P., A.P., and N.P. were heirs at law of the deceased, Joseph Patterson. The agreement was entered into by (1) Norris, individually and as a will beneficiary of Joseph Patterson; (2) Norris's husband; (3) Davis, individually, as a will beneficiary of Joseph Patterson, and as guardian of the estates of the minors, K.P. and A.P.; (4) Terri J. Rogers, individually, as the administratrix of the estate of Joseph Patterson, and as the guardian of the estate of the minor, N.P. The agreement noted that currently pending litigation included (1) the Joseph Patterson probate case; (2) another probate case, which involved the estate of Robert Patterson; (3) a case against Davis in which Norris was seeking visitation; (4) a case against Rogers in which Norris was seeking visitation. The order further noted that Norris and her husband were in possession of certain assets of the Joseph Patterson estate and all assets of the Robert Patterson estate, that Rogers was in possession of a residence owned by the Joseph Patterson estate, and that Norris had proffered a will in the Joseph Patterson estate that was contested by Rogers.

The family-settlement agreement stated that there was a "good faith dispute" between

---

[1]Norris appealed to the Arkansas Court of Appeals, which affirmed the circuit court's decision. *Norris v. Davis*, 2014 Ark. App. 632, 448 S.W.3d 231. Norris then petitioned this court for review, and we granted the petition. When we grant a petition for review, we consider the appeal as though it had been originally filed in this court. *See, e.g., Bohannon v. Robinson*, 2014 Ark. 458, at 4, 447 S.W.3d 585, 587.

the parties about the validity of the proffered will and the visitation rights in both the Rogers and Davis visitation cases. The agreement also stated that the parties had determined to resolve their differences by entering into the agreement and desired to "settle all claims and ownership interests between them," further stating that the parties did so "without reliance on any statement or representation of any other Party or person except as otherwise as stated herein."

The family-settlement agreement called for (1) the winding up of the Robert Patterson estate and the transfer of its assets to the Joseph Patterson estate; (2) dismissal of the pending visitation cases; (3) dismissal of the will contest and the petition to admit a will. Further, the agreement distributed[2] (1) a residence to the estate of minor N.P.; (2) $100,000 to Davis; (3) one-fourth of the balance to Norris; (4) one-fourth of the balance to the estate of the minor, N.P.; (4) one-fourth of the balance to the estate of the minor, K.P.; (4) one-fourth of the balance to the estate of the minor, A.P. The agreement concluded in part by noting that the agreement "constitutes the entire understanding of the Parties," and superseded "all previous agreements, representations or understandings between all Parties." The agreement was executed by Norris and her husband, Rogers, and Davis.

In 2012, Norris filed her motion to set aside the family-settlement agreement, alleging that, after the agreement had been approved by the circuit court, she discovered that K.P. was not Joseph Patterson's natural child, and further, that K.P.'s mother, Ashley Davis, had falsely claimed both that K.P. was Joseph Patterson's natural child and that K.P. should be determined to be Joseph Patterson's heir. The motion alleged that it was "manifestly unfair to permit the

---

[2]The agreement also distributed certain personal property and a legal fee in the amount of $2800.

SLIP OPINION

minor to retain funds fraudulently obtained by the false representations of her mother" and that Norris would not have approved a settlement to a minor child who was not Joseph Patterson's natural child. Norris also filed a motion to compel discovery from Davis.

The circuit court dismissed Norris's motion on the basis of res judicata, finding that the issues of paternity and proportionate entitlement to inherit were actively litigated when the family-settlement agreement was agreed to, entered of record, and approved by the court's order. In its order, the court further stated that "[a]ll other proceedings pending before" the court "are rendered moot hereby and are therefore dismissed."

Despite the circuit court ruling that her fraud claim was dismissed on the basis of res judicata, as her sole claim Norris asserts that the issue on appeal is whether she was entitled to discovery. Norris acknowledges that the circuit court granted Davis's motion to dismiss on the basis of res judicata. Nonetheless, Norris argues that the case was dismissed prematurely without permitting her a "fair opportunity to conduct discovery." She argues that "some discovery must be permitted in order to make the claim of fraud."

While asserting on appeal that she was entitled to conduct discovery, Norris does not challenge on appeal the circuit court's findings that the issues of paternity and proportionate entitlement to inherit were litigated and that res judicata thus precluded Norris from again litigating the issues. This issue, therefore, is considered abandoned on appeal. *See, e.g.*, *DePriest v. AstraZeneca Pharm., L.P.*, 2009 Ark. 547, at 9, 351 S.W.3d 168, 173. We are left then with Norris's claim on appeal that the case was dismissed prematurely because the circuit court did not allow Norris to conduct discovery in order to establish her fraud claim.

In essence, the circuit court concluded that its ruling on res judicata "rendered moot" Norris's motion to compel discovery. Generally, a case becomes moot when any judgment rendered would have no practical legal effect upon a then existing legal controversy. *See, e.g., Bd. of Trustees v. Crawford Cnty. Circuit Court*, 2014 Ark. 60, 431 S.W.3d 851. Given that the circuit court concluded that res judicata precluded Norris from raising the issues she raised in her motion to set aside the order, then it was proper for the circuit court to conclude that a motion to compel discovery to support these claims was moot, as such discovery would have no practical legal effect. Had the circuit court considered the merits of Norris's motion to compel discovery, its ruling would have been advisory. Accordingly, we affirm the circuit court's decision.

Affirmed; court of appeals opinion vacated.

BAKER, J., dissents.

**KAREN R. BAKER, Justice, dissenting.** Because the order approving the family-settlement agreement is void, I respectfully dissent from the majority opinion. Here, the majority's opinion affirms the circuit court by stating:

> Given that the circuit court concluded that res judicata precluded Norris from raising the issues she raised in her motion to set aside the order, then it was proper for the circuit court to conclude that motion to compel discovery to support these claims was moot, as such discovery would have no practical legal effect. Had the circuit court considered the merits of Norris's motion to compel discovery, its ruling would have been advisory.

However, this analysis is unnecessary because the record demonstrates that the order is void; therefore, the majority need not reach the res judicata analysis. *See Woolfolk v. Davis*, 225 Ark. 722, 727, 285 S.W.2d 321, 324 (1955) (holding that with regard to the res judicata

argument, "It is unnecessary to determine whether the attack by appellees on this judgment is a direct or collateral attack. The judgment is void on the face of the record.").  Although the issue was not raised by the parties, the record demonstrates that the circuit court failed to adhere to our precedent that the court must look into the merits of any consent decree to determine whether the decree was for the benefit of the minor.  *Rankin v. Schofield*, 71 Ark. 168, 70 S.W. 306 (1902); *Kuykendall v. Zachary*, 179 Ark. 478, 16 S.W.2d 590 (1929); *Davis v. Ark. Office of Child Support Enforcement*, 322 Ark. 352, 908 S.W.2d 649 (1995); *Ark. Office of Child Support Enforcement v. Morgan*, 364 Ark. 358, 219 S.W.3d 175 (2005). This review also requires an investigation by the court.  *Rankin v. Schofield*, 81 Ark. 440, 98 S.W. 674 (1905).

In *Muncrief v. Green*, 251 Ark. 580, 582, 473 S.W.2d 907, 908 (1971), we explained that a minor's guardian can make no admission or concession to the minor's prejudice. Because a compromise necessarily involves a concession, it is the duty of the court to examine the merits of the case before approving such a settlement. *Id.* Further, when the court makes no investigation to determine whether the compromise is a proper one, the judgment is void on its face and subject to collateral attack. *Id.*  Additionally, the interests of a minor cannot be compromised by a guardian without approval by the court. *Id.*  It is not sufficient that a court be made aware of a compromise agreement and that it is agreeable to the guardian; rather, the court must make a judicial act of investigation into the merits of the compromise and into its benefits to the minor. *Davis*, 322 Ark. at 355, 908 S.W.2d at 651.

Applying our precedent to the present case, whether the order was void must be determined on the basis of controlling precedents which provide the strictest protection for a

minor in the compromise of litigation. *Muncrief*, 251 Ark. 580, 473 S.W.2d 907. The minor's guardian can make no admission or concession to the minor's prejudice. Since a compromise does involve a concession, it is the duty of the court to examine the merits of the case before approving such a settlement. *Rankin*, 71 Ark. 168, 70 S.W. 306. When the court makes no investigation to determine whether the compromise is a proper one, the judgment is void. *Rankin*, 81 Ark. 440, 98 S.W. 674.

Here, the order at issue is fatally flawed for three reasons. First, despite the minors' being designated Joseph Patterson's heirs at law, $100,000 of Patterson's estate was distributed to Davis, one-fourth of the balance was distributed to Norris, and the minors, K.P., A.P., and N.P. each received one-fourth of the balance of the estate. Second, neither the circuit court's order nor the family-settlement agreement indicates that the minors' interests were represented by persons other than Davis and Rogers. Third, while the order indicates that the circuit court approved the agreement, there is nothing in the record to demonstrate that the circuit court investigated the compromise of the minors' interests in the agreement.

As we held in *Davis*, with circumstances as we have in the case before us,

> It has long been the law in Arkansas that the interests of a minor cannot be compromised by a guardian without approval by the court. *See, e.g.*, *Rankin v. Schofield*, 70 Ark. 83, 66 S.W. 197 (1902). It is not sufficient that a court be made aware of a compromise agreement and that it is agreeable to the guardian; rather, the court must make a judicial act of investigation into the merits of the compromise and into its benefits to the minor. *Id.*; *Kuykendall v. Zachary*, 179 Ark. 478, 16 S.W.2d 590 (1929). Any judgment by a court that compromises a minor's interest without the requisite investigation is void on its face. *Id.*; *Rankin v. Schofield*, 81 Ark. 440, 98 S.W. 674 (1905).

*Davis*, 322 Ark. at 355–56, 908 S.W.2d at 651–52.

Here, the order compromises the interests of the minors, and the court did not conduct an investigation. Therefore, consistent with our precedent, the order is void on its face, and I would remand the case to the circuit court for further consideration consistent with this opinion.

Accordingly, I dissent.

*Jones Law Firm*, by: *F. Parker Jones III*, for appellant.

*Vaughan & Friedman Law Firm, PLLC*, by: *Craig D. Friedman*, for appellee.