Karen R. Baker, Justice, dissenting. Because the order approving the family-settlement agreement is void, I respectfully dissent from the majority opinion. Here, the majority’s opinion affirms the circuit court by stating: Given that the circuit court concluded that res judicata precluded Norris from raising the issues she raised in her motion to set aside the order, then it was proper for the circuit court to conclude that motion to compel discovery to support these claims was moot, as such discovery would have no practical legal effect. Had the circuit court considered the merits of Norris’s motion to compel discovery, its ruling would have been advisory. However, this analysis is unnecessary because the record demonstrates that the order is void; therefore, the majority need not reach the 'res judicata analysis. See Woolfolk v. Davis, 225 Ark. 722, 727, 285 S.W.2d 321, 324 (1955) (holding that with regard to the res judicata | (¡argument, “It is unnecessary to determine whether the attack by appellees on this judgment is a direct or collateral attack. The judgment is void on the face of the record.”). Although the issue was not raised by the parties, the record demonstrates that the circuit court failed to adhere to our precedent that the court must look into the merits of any consent decree to determine whether the decree was for the benefit of the minor. Rankin v. Schofield, 71 Ark. 168, 70 S.W. 306 (1902); Kuykendall v. Zachary, 179, Ark. 478, 16 S.W.2d 590 (1929); Davis v. Ark. Office of Child Support Enforcement, 322 Ark. 352, 908 S.W.2d 649 (1995); Ark. Office of Child Support Enforcement v. Morgan, 364 Ark. 358, 219 S.W.3d 175 (2005). This review also requires an investigation by the court; Rankin v. Schofield, 81 Ark. 440, 98 S.W. 674 (1905). In Muncrief v. Green, 251 Ark. 580, 582, 473 S.W.2d 907, 908 (1971), we explained that a minor’s guardian can make no admission or concession to the minor’s prejudice. Because a compromise necessarily involves a concession, it is the duty of the court to examine the merits of the case before approving such a settlement. Id. Further, when the court makes no investigation to determine whether the compromise is a proper one, the judgment is void on its face and subject to collateral attack. Id. Additionally, the interests of a minor cannot be compromised- by a guardian without approval by the court. Id. It is not sufficient that a court be made aware of a compromise agreement and that it is agreeable to the guardian; rather,.- the court must make a judicial act of investigation into the merits of the compromise and into its benefits to the minor. Davis, 322 Ark. at 355, 908 S.W.2d at 651. . Applying our preeedént to the present case, whether the order was void must be determined on the basis ' of controlling precedents which provide the strictest protection for a 17minor in the compromise of litigation. Muncrief 251 Ark. 580, 473 S.W.2d 907. The minor’s’ guardian can make ho admission or concession to the minor’s prejudice. Since a compromise does involve a concession, it is the duty of the court to examine the merits of the case before approving such a settlement. Rankin, 71 Ark. 168, 70 S.W. 306. When the court makes no investigation to determine whether the compromise is a proper one, the judgment is void. Rankin, 81 Ark. 440, 98 S.W. 674. Here, the order at issue is fatally flawed for three reasons. First, despite the minors’ being designated Joseph Patterson’s heirs at law, $100,000 of Patterson’s estate was distributed to Davis,' one-fourth of the balance was distributed to' Norris, and the minors, K.P., A.P., and N.P. each received one-fourth of the balance of the estate. Second, neither the circuit court’s order nor the family-settlement agreement indicates that the minors’ interests were represented by persons other than Davis and Rogers. Third, while the order indicates that the circuit court approved the agreement, there is nothing in the record to demonstrate that the circuit court investigated the compromise of the minors’ interests in the agreement. As we held in Davis, with circumstances as we have in the case before us, It has long been the law in Arkansas that the interests of a minor cannot be compromised by-a guardian without approval by the court. See, e.g., Rankin v. Schofield, 70 Ark. 83, 66 S.W. 197 (1902). It is not sufficient that a court be made aware of a compromise agreement and that it is agreeable to the guardian; rather, the court must make a judicial act of investigation into the merits of the compromise and into its benefits to the minor. Id.; Kuykendall v. Zachary, 179 Ark. 478, 16 S.W.2d 590 (1929). Any judgment by a court that compromises a minor’s interest without the requisite investigation is void on its face. Id.; Rankin v. Schofield, 81 Ark. 440, 98 S.W. 674 (1905). Davis, 322 Ark. at 355-56, 908 S.W.2d at 651-52. | sHere, the order compromises the interests of the minors, and the court did not conduct an investigation. Therefore, consistent with our precedent, the order is void on its face, and I would remand the case to the circuit court for further consideration consistent with this opinion. Accordingly, I dissent.