**Callie May HUNT, Administratrix of the Estate of P.S. Hunt, Deceased, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**No. B–C–80–14.**

United States District Court, E.D. Arkansas, N.D.

Jan. 24, 1983.

John B. Mayes, Partlow & Mayes, P.A., Blytheville, Ark., for plaintiff.

Lawrence Sherlock, Tax Div., Dept. of Justice, Washington, D.C., for defendant.

### ORDER

GEORGE HOWARD, Jr., District Judge.

Plaintiff, the widow and administratrix of the estate of P.S. Hunt, filed suit on April 3, 1980, to recover estate taxes, interest and penalties which had been paid after an audit by the Internal Revenue Service. The four children of the decedent that were alive at his death and the five children of decedent's son who predeceased him had executed disclaimers of interest in the estate with the purpose of having certain property pass to plaintiff as the surviving spouse and, thus, qualifying for a marital deduction under former 26 U.S.C. § 2056 in effect at that time.[1] The other twelve

---

1. Title 26, U.S.C. § 2056(a) provided in part: "For purposes of the tax imposed by Section 2001, the value of the taxable estate shall ... be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate."

   Title 26 U.S.C. § 2056(d)(2) provided in part: "If under this section an interest would, in the absence of a disclaimer by any person other than the surviving spouse, be considered as

grandchildren and ten great grandchildren did not execute disclaimers. The Arkansas Probate Court treated those disclaimers as valid and the assets were distributed in accordance with the disclaimers. Plaintiff prepared the estate tax return reflecting that the property had passed to her through valid Arkansas instruments. The Internal Revenue Service treated the disclaimers as invalid and of no legal effect for purposes of estate taxes since the Internal Revenue Commission requirements had not been met. Plaintiff paid the additional taxes and exhausted her administrative remedies prior to filing suit.

The parties, in their pending motions for summary judgment, agree that the issue before this Court is whether the disclaimers resulted in the property passing to plaintiff as the surviving spouse. To determine this question, the Court must apply the Arkansas law in effect in late 1975 and 1976 when the decedent died and the disclaimers were executed and filed.

Ark.Stat. Ann. § 61–131 (Supp.1975) provides in part: "Any part of the estate of a decedent not effectively disposed of by his will shall pass to his heirs as prescribed in the following sections. In this connection, the term 'heir' and 'heirs,' as used in this Act, are intended to designate the person or persons who succeed by inheritance to the ownership of real or personal property in respect to the person who dies intestate."

Ark.Stat. Ann. § 61–133 (Repl.1971) provides in relevant part: "Concerning the term 'descendants,' as used in this Act: (a) A person's 'descendants' are his children, grandchildren and all others, however remotely related to such person, who are in a direct line of descent from him. In other words, the term 'descendants' refers to lineal descendants, and excludes an Intestate's ascendants or collateral relatives. . . . (b) In determining which of an Intestate's descendants shall constitute an inheriting

class, the descendants of a living descendant shall be excluded from the class."

Ark.Stat. Ann. § 61–149 (Repl.1971) provides in part: "The heritable estate of an Intestate shall upon his death pass as follows: (a) First, to the children of the Intestate, and the descendants of each child of the Intestate who may have predeceased him or her. . . . (b) Second, if the Intestate is survived by no descendant, to the Intestate's surviving spouse. . . . "

Ark.Stat. Ann. § 62–3205(a) (Supp.1975) provides in relevant part: "Unless the person by whom the interest was created or from whom it would have been received has otherwise provided by Will or other appropriate instrument with reference to the possibility of a disclaimer by the beneficiary, the interest disclaimed shall descend, be distributed or otherwise disposed of in the same manner as if the disclaimant had died immediately preceding the death or other event which causes him to become finally ascertained as a beneficiary, and his interest to become indefeasibly fixed both in quality and quantity; and, in any case, the disclaimer shall relate for all purposes to such date, whether filed before or after such death or other event. . . . The identity of the recipient of a disclaimed interest, and said recipient's share thereof, shall be determined in accordance with the provisions of [§ 61–149]. . . . "

Ark.Stat. Ann. § 62–3211 (Supp.1975) provides: "When filed, a disclaimer or a written waiver of the right to disclaim shall, unless otherwise specified in the disclaimer, be binding, not only upon the disclaimant or beneficiary so waiving, but upon all parties thereafter claiming by, through or under said disclaimant."

The parties disagree on the effect of § 62–3211, which binds all parties claiming by, through or under a disclaimant, to the facts in this case. Plaintiff argues that the non-disclaiming grandchildren and great grandchildren are by definition lineal descendants who could inherit only through

---

passing from the decedent to such person, and if a disclaimer of such interest is made by such person and as a result of such disclaimer the surviving spouse is entitled to receive such

interest, then—(A) . . . such interest shall, for purposes of this section, be considered as passing from the decedent to the surviving spouse. . . . "

their relationship with their parents and their parents' disclaimers cut off any claims they had. Defendant contends that the non-disclaiming grandchildren and great grandchildren are not inheriting through their parents, but are inheriting in their own right as descendants of the decedent as specified by § 61–149(a).

After careful consideration of the excellent briefs and the applicable law, the Court finds that defendant is correct. Applying the above statutes, the Court makes the following analysis:

1. The decedent died intestate so that his estate passed to his heirs according to the statutory provisions.

2. At the time of his death, the parties entitled to inherit the estate were decedent's four living children and his five grandchildren of the son who had predeceased him.

3. These four children and five grandchildren executed and filed disclaimers with the intention that their inheritance would pass directly to plaintiff as the surviving spouse.

4. The executed disclaimers meant that the interest that the disclaimants would have received would be distributed in the same manner as if they had died immediately preceding the death of the decedent.

5. If the four children and five grandchildren are presumed to have died before decedent, using § 61–149, upon decedent's death, the estate would pass directly to the descendants of each child of the intestate who predeceased him.

6. Thus, the estate would directly pass to the descendants of the four children and the five grandchildren as heirs in their own right.

7. Those descendants would not be excluded from the inheriting class since their parents by executing disclaimers are considered dead for purposes of determining who inherits the estate.

8. The estate passed directly upon execution of the disclaimers to the twelve grandchildren whose parents executed disclaimers and the ten great grandchildren whose parents executed disclaimers.

9. Since decedent was survived by those twelve grandchildren and ten great grandchildren, he was survived by descendants.

10. Under § 61–149, the estate would have passed to plaintiff as the surviving spouse only if there had been no surviving descendants.

11. The disclaimers resulted in the property in issue passing to the twelve grandchildren and ten great grandchildren who did not execute disclaimers and not to plaintiff as the surviving spouse.

While the Court is persuaded that the above is a correct and accurate analysis of the statutes in effect during the relevant period, this view is further supported by the amendment to § 62–3205 enacted and effective after February 19, 1975. Ark.Stat. Ann. § 62–3205 as enacted in 1973 originally contained the following provision: "For the purpose of determining the identity of the recipient, and said recipient's share of an interest disclaimed in the manner provided herein, all lineal descendants of a disclaiming party shall be presumed to have died immediately prior to the death or the event which causes the disclaiming party's interest to become indefeasibly fixed both in quality and quantity unless otherwise provided in the written disclaimer." The 1975 amendment omitted that provision. Thus, the Arkansas Legislature specifically omitted the provision which had allowed a disclaiming party to bar the claims of his or her lineal descendants.

Accordingly, the Court finds that the disclaimers did not pass the property in issue to plaintiff, that she was not entitled to claim that property for a marital deduction, and that she is not entitled to recover the estate taxes, interest and penalties paid after the audit. Plaintiff's motion for summary judgment is hereby denied and defendant's motion for summary judgment is hereby granted.