Jill Looney GREEN *v.* Diann Looney McAULEY

CA 97-83                                        953 S.W.2d 66

Court of Appeals of Arkansas
Division I
Opinion delivered October 22, 1997

*Sloan, Rubens & Peeples*, by: *Kent J. Rubens* and *Cristina M. Flechas*, for appellant.

*Rees Law Firm,* by: *Tom Young,* for appellee.

D. FRANKLIN AREY, III, Judge. Appellant, Jill Looney Green, appeals from an order entered by the Crittenden County Probate Court that appoints appellee, Diann Looney McAuley, successor co-executrix of their father's estate. Appellant argues that appellee's appointment is barred by a family settlement agreement; appellant also claims the probate court erred by limiting the hearing below to one hour. We reverse and dismiss the appellee's Petition for Appointment of Executrix, because it is barred by the family settlement agreement. This holding makes it unnecessary to address appellant's second point.

Joe E. Looney, Sr., died testate; his widow and five children survived him. Besides appellant and appellee, these children were Joe E. Looney, Jr., Debbie Looney Wintersteen, and David Looney. The decedent's will nominated Joe, Jr., and Debbie to serve as co-executors. It further provided that if either co-executor discontinued his or her service, then the next-oldest child would be nominated to serve as successor co-executor.

Initially, Joe, Jr., and Debbie both accepted appointment as co-executors. Debbie later resigned. Appellee, claiming to be the oldest child, petitioned to be appointed co-executrix pursuant to the terms of the will; her petition was filed on January 11, 1994. Shortly thereafter, appellee filed a supplement to her petition, praying for the removal of Joe, Jr.; she alleged that he labored under "numerous conflicts of interest." Joe, Jr., David, and the decedent's widow objected to this supplement; further, the widow objected to appellee's appointment as successor co-executrix. The record does not disclose a ruling on this petition.

In February of 1995, the decedent's five children signed a document entitled "Mutual Release and Settlement Agreement." Relevant provisions of this agreement are set forth in the margin.[1] The agreement notes that "certain matters are in dispute between

---

[1] WHEREAS, certain matters are in dispute between the parties hereto, which disputed matters the parties desire and intend to settle and resolve without admission of fault nor liability by either of them;

. . .

the parties"; these disputes concern "disposition of assets of the Estate and other matters pertaining to the Estate. . . ." For the consideration recited, appellee discharged and released the estate "from any and all claims, demands, [and] actions,. . . of any kind or every nature whatever, whether known or unknown,. . . relating to the Estate, except as set forth herein." Paragraph six of the agreement excepted certain real estate from the agreement. The

---

WHEREAS, disputes arose between the parties hereto concerning disposition of assets of the Estate and other matters pertaining to the Estate;

. . .

WHEREAS, the Estate and Mrs. McAuley mutually desire now to resolve their differences as to this matter without further legal proceedings, and without any admission of fault or liability by either of them;

. . .

1. *Release of Estate by Mrs. McAuley*. For and in consideration of the promises and considerations set forth herein, and the release contained herein, and other good and valuable considerations, the receipt and sufficiency of which are hereby acknowledged, Mrs. McAuley on behalf of herself, her attorneys, administrators, beneficiaries, wards, heirs, executors, assigns, business entities, successors, trustees, affiliates, subsidiaries and any and all related entities, does hereby fully, finally and forever discharge and release the Estate and its Executor, their present and former officers, directors, related companies, agents, attorneys, business entities, affiliates, subsidiaries, successors, parent corporations, employees and assign, of and from any and all claims, demands, actions, causes of action, suits, damages, losses, charges and/or expenses of any kind or every nature whatever, whether known or unknown, contingent or matured, relating to the Estate, except as set forth herein. Mrs. McAuley agrees to accept the considerations and promises set forth herein in place and stead of any assets which she might otherwise receive from the Estate, both in her own right and as Trustee for her minor children, and disclaims all interest in and to such assets and the Estate, except as otherwise provided herein. Mrs. McAuley agrees to dismiss and/or withdraw and/or waive her objections to various actions for which the Estate has sought approval in the Probate Court of Crittenden County and to the Executor's First Annual Accounting.

. . .

6. *Estate Lands*. It is expressly agreed and understood by the parties hereto that this Mutual Release and Settlement Agreement does not apply to any land or real estate in which the Estate owns or claims an interest, other than the cabin at Greer's Ferry Lake and tenant houses and other than pursuant to the Contact [sic], and, specifically, that Mrs. McAuley does not release her right as Trustee for her minor children to share in the distribution of real estate or the proceeds of real estate. . . . .

agreement does not contain a specific reservation of appellee's right to seek appointment as co-executrix.

Appellee filed a petition in May of 1996, again seeking appointment as successor co-executrix of the estate. At the hearing on appellee's petition, appellant's counsel argued that the terms of the agreement barred appellee from pursuing her petition. Appellee testified that she signed the agreement; the agreement was admitted into evidence. At the conclusion of the testimony, the probate judge appointed appellee successor co-executrix. He specifically ruled that the agreement did not disqualify appellee from appointment.

On appeal, appellant argues that the probate court erred by not recognizing that the agreement barred appellee from serving as executrix. Appellant contends that appellee's petition constitutes a claim against the estate that appellee surrendered for valuable consideration. Appellant further notes that appellee did reserve the right to certain assets of the estate, but otherwise released her claims fully, finally, and completely.

■ The agreement entered into by the decedent's children in February of 1995 constitutes a family settlement agreement. The agreement notes ongoing disputes, which the parties intended to settle and resolve; these disputes concerned disposition of the estate's assets and "other matters. . . ." The parties' motive to amicably settle the estate constitutes sufficient consideration for a family settlement agreement. *See Harris v. Harris*, 236 Ark. 676, 370 S.W.2d 121 (1963); *Jones v. Balentine*, 44 Ark. App. 62, 866 S.W.2d 829 (1993). Execution of the agreement by appellant, appellee, and their siblings indicates their mutual intent to enter into a binding agreement. *See Thurman v. Thurman*, 50 Ark. App. 93, 900 S.W.2d 221 (1995).

■ Family settlement agreements are favorites of the law. *Thurman*, 50 Ark. App. at 97, 900 S.W.2d at 224. A common refrain of our supreme court's decisions concerning family settlement agreements is that they are favored and should be encouraged where no fraud or imposition is practiced. *Pfaff v. Clements*, 213 Ark. 852, 213 S.W.2d 356 (1948); *see Harris*, 236 Ark. at 685, 370 S.W.2d at 127.

■ We construe a family settlement agreement by seeking the real intent of the parties as revealed in the agreement. *See Gannaway v. Godwin*, 256 Ark. 834, 511 S.W.2d 171 (1974); *cf.* 96 C.J.S. *Wills* § 1113 (1957) (as to compromise agreements between beneficiaries, "[i]f there is no ambiguity apparent in the terms of the contract, its meaning must be determined from the words used, and from no other source."(footnote omitted)). In the absence of fraud or mistake, we must adhere strictly to the terms of the family settlement agreement. *Gannaway*, 256 Ark. at 838, 511 S.W.2d at 174.

A review of the agreement's preamble reveals the parties' intent to bar the appellee's petition. Appellee's first petition to be appointed successor co-executrix predated the execution of the agreement; this first petition was contested. The agreement makes reference to certain disputes concerning asset disposition "and other matters pertaining to the Estate. . . ." The parties noted their intent to settle and resolve these disputes without further legal proceedings.

■ The substantive language of the agreement also evidences an intent to bar this petition. The will's provision allowing for the appointment of the next-oldest child as a successor co-executor gave appellee a preference in appointment. *See* Ark. Code Ann. § 28-48-101(a)(1)(1987). Upon Debbie's resignation, appellee had the right to request appointment as a successor co-executrix, by motion or petition. *See* Ark. Code Ann. § 28-48-107(a). However, in paragraph number one, appellee discharges and releases the estate "of and from any and all claims, demands, [and] actions. . . of any kind or every nature whatever,. . . relating to the Estate, except as set forth herein." The type of claim, demand, or action discharged is not limited to property claims; as long as the petition *relates* to the estate, it is barred. There is no specific reservation of appellee's right to seek appointment as successor co-executrix. Thus, appellee discharged and released the estate from her right to seek appointment that she otherwise had pursuant to our probate code and the terms of the will.

■ Appellee argues that the agreement's reservation of her interest in certain real estate suffices to allow her pursuit of this

claim. The agreement cannot be read in this fashion. It releases and discharges the estate from *all* claims, demands, and actions, "except as set forth" therein. There is no specific reservation of the ability to seek appointment as successor co-executrix; without this specific reservation, the agreement releases and discharges the claim. *Cf. Gannaway*, 256 Ark. at 838, 511 S.W.2d at 173-74 (releases which discharged all claims of heirs except their interest in real estate prevent their subsequent claim to certain common stock, even though the releases do not specifically mention the stock).

■ Because appellee's petition for appointment is barred by the family settlement agreement, we reverse the probate court's decision to appoint appellee successor co-executrix, and dismiss appellee's petition. Appellant's remaining point is moot in light of this disposition, so it will not be addressed.

Reversed and dismissed.

JENNINGS and GRIFFEN, JJ., agree.