2009 Ark. App. 435

**Kirby BUTLER, Jr., Appellant,**

v.

**Betty DIKE; Estate of Rosebud Nicholson, Deceased, Appellees.**

**No. CA 08–1242.**

Court of Appeals of Arkansas.

May 27, 2009.

Benny Park Eldridge, Jr., Gillett, for appellant.

Molock Law Firm, P.A., by: Dennis R. Molock, Stuttgart, for appellee.

M. MICHAEL KINARD, Judge.

This is a probate case in which 2.5 acres of real property located in Arkansas County are in dispute. Appellant, Kirby Butler, Jr., contends that he is the owner of the property at issue pursuant to a family settlement agreement and a court order closing Fairlee Butler's estate. We affirm.

The facts underlying the case are these. Fairlee Butler was the owner of 2.5 acres of real property in the Southern District of Arkansas County, Arkansas. In her will dated October 10, 1972, Fairlee Butler provided:

I give and devise to my beloved daughter, Rosebud Nicholson, my residence located on approximately 2 1/2 acres of land in Arkansas County, Arkansas. I make this devise with the limitation that she will permit Calvin Butler to live in the house if he needs it for a home and elects to actually use it for a residence. In the event the death

of Rosebud Nicholson occurs prior to the death of Calvin Butler, I give and devise the residence property referred to above to Calvin Butler for and during the period of his lifetime and at his death to my son, Kirby Butler, for and during the period of his lifetime and at his death to my grandson, Kirby Butler, Jr.

Butler's will also appointed Rosebud Nicholson executrix of the estate. The validity of this will is uncontested. Fairlee Butler died on January 9, 1976. Rosebud Nicholson, as executrix of the estate of Fairlee Butler, provided the probate court with an accounting, which provides, in pertinent part:

In accordance with the terms of the Last Will and Testament of Fairlee Butler and in accordance with the laws of descent of the State of Arkansas, with regard to deceased beneficiaries, assets of the estate of Fairlee Butler were delivered as follows:

A part of Lot 4 of SW1/4 Sec. 7, T5S, R1W, containing 2.5 acres, as more particularly described in a deed recorded in Book P-8, Page 376, delivered to Rosebud Nicholson for her lifetime; thence to Calvin Butler for his lifetime; thence to Kirby Butler, Jr., in fee, per terms of Item 2 of the Will of Fairlee Butler[.]

Family members, including Rosebud Nicholson and appellant, signed a "Receipt for Assets of Estate" on August 12, 1976. In this receipt, they acknowledged that they had examined the final accounting filed on behalf of the Executrix (Nicholson), acknowledged receipt of all the assets of the said estate belonging to them, waived the notice of hearing on the final settlement, and agreed that the settlement might be approved by the Court. Appellant argues that this final accounting, agreed to as shown by the signed receipt, constitutes a family settlement agreement.

In an order filed December 23, 1976, the probate court approved the accounting (referred to by the court as the "final settlement") and released Nicholson from her duties as executrix. The court wrote:

The Court finds that the executrix has filed a full and complete settlement showing all receipts and disbursements; that all disbursements were made in accordance with the claims filed, the orders of this Court, the terms of the Will, or the Statutes of the State of Arkansas; that the distributees and beneficiaries under the Will have received all the benefits to which they are entitled under the terms of the said Will or the laws of the State of Arkansas[.]

The current appeal arises in the context of the distribution of Rosebud Nicholson's estate. Nicholson died testate on March 25, 2005. Following a will contest, the holographic will of Rosebud Nicholson dated October 18, 2004, was admitted to probate by an order entered on March 8, 2006. In her will, Nicholson left everything to Betty Dike and named Dike executrix of her estate. On March 5, 2008, appellee Betty Dike, as executrix of the Estate of Rosebud Nicholson, filed a petition seeking an order of final distribution. This petition included a request that the court authorize appellee, as executrix, to "execute and deliver to the above named heir [appellee] an Executor's Deed, conveying to the said heir the real property contained in the estate." Appellant objected to the distribution of the real property in question to appellee, claiming in his response to the petition that Nicholson had only a life estate in the property and that the property passed to him in fee simple absolute upon her death.

A hearing was conducted in this matter on May 14, 2008, after which the circuit court concluded that "the purported distribution of the property did not constitute a

family settlement agreement which altered the terms of Fairlee Butler's will." The court based its decision on the language in the accounting stating that the distribution of the real property was "[in] accordance with the Last Will and Testament of Fairlee Butler...." Because the distribution was "clearly not in accord with the terms of the will," the court concluded that the purported distribution set out in the accounting was the result of a mutual mistake in construing the terms of the will. Further undermining appellant's claim was the court's holding that the subject property never became an asset of the estate in the hands of Nicholson as personal representative of the Fairlee Butler estate. Thus, the court found that the real property in question was an asset of the estate of Rosebud Nicholson and, pursuant to Nicholson's will, passed to appellee in fee simple absolute.

Probate cases are reviewed de novo on appeal, and the appellate court will not reverse unless the findings of the probate judge are clearly erroneous. *Wells v. Estate of Wells,* 325 Ark. 16, 18, 922 S.W.2d 715, 716 (1996).

■ Appellant argues on appeal that the 2.5 acres of real property is owned by him and was not a part of the estate of Rosebud Nicholson, as Ms. Nicholson executed a family settlement agreement taking a life estate in the property. Appellant cites to relevant case law on "family settlement agreements." He is correct in stating that, "as favored by the law, the court strictly adheres to family settlement agreements absent fraud or mistake." *See Green v. McAuley,* 59 Ark.App. 114, 953 S.W.2d 66 (1997). Nonetheless, we agree with the trial court's conclusion that the purported distribution of the property did not constitute a family settlement agreement that altered the terms of Fairlee Butler's will. The accounting contained

inconsistent provisions: it purported to distribute property in accordance with the terms of Fairlee Butler's will; yet it provided for the distribution of the 2.5 acres of real property in a manner not provided for in the will. As such, we find that there was no "meeting of the minds" or mutual assent necessary to form a family settlement agreement.

■ The real property in question was not governed by a family settlement agreement, and title to real property generally does not pass through the probate estate. Real property is an asset in the hands of the personal representative only when so directed by the will or when the court finds that the property is necessary to pay claims, debts, etc. Ark.Code Ann. § 28–49–101 (Repl.2004). If a will does not postpone the vesting of title, title to real property vests in the devisee immediately upon the testator's death. *Monk v. Griffin,* 92 Ark.App. 320, 213 S.W.3d 651 (2005). Here, defeasible fee title vested in Rosebud Nicholson, subject to being defeated in the event she did not survive Calvin Butler. When Nicholson survived Calvin Butler, her title became indefeasible, and she owned the property in fee simple absolute.

Appellant's second point on appeal is that a final order was issued by the court on December 23, 1976, accepting him as the property's owner upon the expiration of the life estate of Rosebud Nicholson. As previously discussed, the real property did not pass through the estate; it vested immediately upon Ms. Butler's death. Thus, we affirm on this point.

For his final argument, appellant asserts that appellee is an "improper party to question the distribution of the Property from the Estate of Fairlee Butler." This argument has no merit. The court properly looked to the terms of the Fairlee Butler will to determine who was the owner of

the property in question. We conclude that the trial court was correct in determining that the 2.5 acres of real property vested in the appellee at the death of Rosebud Nicholson.

Affirmed.

HART and GLADWIN, JJ., agree.